# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHEL PARKS,<br><br>        Plaintiff<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | CASE NO. 1:15-cv-01603-BAM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT |

This matter is before the court on Plaintiff Ethel Parks' ("Plaintiff") motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").

Plaintiff brought this action seeking judicial review of a final administrative decision denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. On March 8, 2017, this Court issued an order in favor of Plaintiff and against the Social Security Administration. (Doc. 22).

On June 7, 2017, Plaintiff filed her motion for attorney's fees. (Doc. 24). Plaintiff's motion seeks an award of $5,696.85 in attorney's fees based on 29.55 hours of attorney time expended. On July 13, 2017, Defendant filed a statement of non-opposition to Plaintiff's motion. (Doc. 26).

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following in relevant part:

Whenever a court renders a judgment favorable to a claimant under this subchapter

> who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,* and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits ....

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (*citing Gisbrecht*, 535 U.S. at 789, 802). However, the Commissioner has standing to challenge the award, despite the fact that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified

several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (*citing Gisbrecht*, 535 U.S. at 807–08).

Here, after drafting a thorough motion for summary judgment Plaintiff successfully obtained an order reversing the agency's decision and a remand for further proceedings. (Doc. 22). Including the time spent on briefing the EAJA motion, Plaintiff's motion seeks compensation for 29.55 hours of attorney time. (Doc. 24-1). The Court finds the amount of hours expended to be reasonable, and declines to conduct a line-by-line analysis of counsel's billing entries, especially when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. *See Stamper v. Colvin*, No. 2:12-cv-0192 AC, 2013 WL 6839691, at *2 (E.D. Cal. Dec. 23, 2013) (finding 51 hours to be a reasonable amount of time); *Boulanger v. Astrue*, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Watkins v. Astrue*, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); *see also Costa v. Commissioner of Social Sec. Admin.*, 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts may not apply *de facto* caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases."). *See generally Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

Finally, Plaintiff asks that the fee award be awarded to Plaintiff's counsel pursuant to Plaintiff's fee assignment. (Doc. 24-3). However, an attorney fee award under the EAJA is

3

payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).

Subsequent to the decision in *Ratliff*, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. *See Blackwell v. Astrue*, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); *Castaneda v. Astrue*, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, Defendant does not dispute that if Plaintiff does not owe a federal debt, the government shall honor the assignment by making the fees and expenses payable directly to counsel. Accordingly, the Court will incorporate such a provision in this order.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc. 24) is GRANTED;

2. Plaintiff is awarded $5,696.85 in attorney's fees under 28 U.S.C. § 2412(d); and

3. Defendant shall determine whether Plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor Plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to Plaintiff's counsel pursuant to the assignment executed by Plaintiff.

IT IS SO ORDERED.

Dated: **October 16, 2017**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE